David T. Gibbons, J.
By indictment dated June 16, 1972, the Grand Jury of Nassau County, in an indictment containing 57 counts, charged the defendant herein with grand larceny, second degree (44 counts), and grand larceny, third degree (13 counts).
Under these respective counts, the defendant is accused of stealing lawful currency of the United States, in various amounts, aggregating the sum of $195,540 from a number of people.
*74 In the 47th count (grand larceny, second degree) the defendant is specifically charged with the theft of $2,000 from Meyer Marks, between April 30,1971 and June 16,1972, and in the 48th court (grand larceny, second degree) the defendant is specifically charged with the theft of $5,000 from Meyer Marks, between May 6,1971 and June 16,1972.
Prior to the trial of said instant indictment, the defendant now moves, pursuant to CPL 170.25 for an order directing the District Attorney to prosecute two misdemeanor charges now pending in the Nassau County District Court against the defendant involving the uttering of checks to the same Meyer Marks with knowledge of the insufficiency of funds to effect their payment, in violation of subdivision 1 of section 190.05 of the Penal Law.
Both informations were verified on October 29, 1971. Under one, the defendant is accused of knowingly issuing a check on August 6,1971, without sufficient funds to effect payment thereof to the complainant, Meyer Marks, in the sum of $200, and dated August 6, 1971. Under the second information, the defendant is charged with knowingly issuing a check on July 27, 1971, without sufficient funds to effect the payment thereof to the complainant, Meyer Marks, in the sum of $6,000, and dated July 27, 1971.
It is contended on behalf of the defendant that ‘ the aforementioned checks of $200.00 and $6,000.00, which form the basis of the misdemeanor charges pending against the defendant were tendered as payment for a debt to Meyer Marks ”, and the same are “ the basis of counts 47 and 48 ”, herein.
The contentions are further advanced that ‘ ‘ the facts and circumstances underlying the two misdemeanor charges will form part of the evidence that will be adduced upon the trial of counts 47 and 48 of the indictment ’ ’, and ‘ that the defendant makes this motion with a view toward moving that any subsequent indictment on the misdemeanor charges be consolidated with the aforementioned 57-count indictment for trial.”
Inasmuch as ‘ ‘ the issuance of these checks may be related to counts 47 and 48 of the felony indictment ”, an observation found on page 2 of the District Attorney’s opposing affidavit, coupled with counsel’s claim that evidence relating to ¡the issuance of these checks will form part of the evidence that will be adduced upon the trial of counts 47 and 48, it is the opinion of the court that, because of the close relationship of the several alleged criminal transactions, sufficient cause has. been established, within the scope and purpose of CPL 170.25 (subd. 1), and the *75 relief requested should he granted in the interest of the expeditious administration of criminal justice to afford the defendant an opportunity to move for a consolidation and thereby make possible a disposition of all of these issues at one trial. (GPL 200.20, subd. 2, par. [b].)
It is, therefore, ordered, that pursuant to GPL 170.25, the charges against the defendant for issuing checks to Meyer Marks, knowing that he did not have sufficient funds with the bank drawee to cover said checks in violation of subdivision 1 of section 190.05 of the Penal Law, as set forth in the said District Court informations, both sworn to on October 29, 1971, shall be prosecuted by indictment in the County Court of Nassau County, and the District Attorney is hereby directed to promptly present the same to a Grand Jury, and it is further ordered, that the Clerk of this court shall promptly deliver a copy of this order to the Chief Clerk of the District Court of the County of Nassau, First District.